Edward Wayne Clarke v. Commissioner.
Clarke v. Commissioner
Docket No. 24943.
United States Tax Court
1951 Tax Ct. Memo LEXIS 201; 10 T.C.M. (CCH) 547; T.C.M. (RIA) 51174; June 12, 1951
*201 H. E. Cline, Esq., Canton, Ga., for the petitioner. Thomas C. Cravens, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income tax for the calendar year 1946. Deficiency was determined in the amount of $185. The only question presented is whether under section 25 (b) (1) (C) and (3) petitioner is entitled to credit because of dependency upon him of a brother and sister, which depends upon whether they received more than half of their support from petitioner. Findings of Fact The petitioner resides at Canton, Georgia. His federal income tax return for 1946 was filed with the collector for the district of Georgia. Therein he reported income of $1,633.92 and claimed as exemptions his sister, Ilene Clarke, and his brother, R. L. Clarke. Petitioner was during the entire year 1946 working for Canton Cotton Mills. He had four brothers and two sisters living at home. In 1946 his sister Ilene was about 15 years old and his brother, R. L. Clarke, was about 13 years old. All of the children with their father and mother lived in the same house. Only the father and petitioner worked. Neither Ilene nor R. L. Clarke *202 had any income. Petitioner received his pay every two weeks. One hundred seventy-six dollars and seventy cents was withheld from his pay throughout the year on his Declaration of Estimated Tax so that he received about $57 each pay day. He did not spend much on himself. He paid about $700 a year to his mother, a portion being paid out at each pay day. He turned this money over to his mother. During 1946 he was buying a truck and paying on it about $25 every two weeks. He did some hauling with the truck to help pay for it but did not report any income from such hauling. Out of each pay check he spent about $15 for his own entertainment and for clothes and gasoline. His brother helped to some extent to pay for the car and some part of the earnings derived from the use of the truck was contributed to payment for it. Petitioner paid half of the rent for the family, his payment amounting to about $150. In 1946, in addition to Ilene and R.L., the oldest child was about 23 years old, another was about 15 and another about 21. Ilene and R.L. were attending a country school. They earned no money. The petitioner's father earned about $1,500 during 1946. The family grocery bill was about $65 *203 or $70 every two weeks. The petitioner paid his mother money every two weeks. Some of that amount represented what he was paying for his board and room. His payments to his mother contributed also to the grocery bill and household expenses, for the whole family. The family living at home consisted of the husband and wife and seven children. Two other children were married but did not help the family. The family had no garden. Petitioner bought his own clothes. His mother did not buy them from the money petitioner paid her. He did not spend much for clothes. His clothes were principally overalls and work clothes. Opinion Under the facts above found in some detail, is the petitioner entitled under section 25 (b) (1) (C) and (3) of the Internal Revenue Code to exemptions because of dependency of his sister Ilene and his brother R.L. upon him during the taxable year? The statute includes in the definition of dependent a brother or sister over half of whose support is received from the taxpayer. It is impossible from the record before us to say that the Commissioner erred in denying the claim of exemption. Petitioner, under the evidence, earned and reported about *204 $135 more than did his father, the father of the two children claimed as dependents by the petitioner. He had some other earnings, the amount not shown, from the use of the truck but did not report such earnings. He was receiving about $57 each pay day and, except for any amount earned by the use of the truck, was devoting about $25 out of each pay check to payment upon the truck. Since the amount of earnings by the truck dos not appear, it is impossible to ascribe any particular amount therefrom to the payments for the truck. Although the petitioner "guessed" that he made about enough from hauling to pay for the truck, we can not reasonably base our conclusions upon a guess. In addition, he spent about $15 out of each pay check for clothes, his entertainment and gasoline. Deducting from about $57 each pay day such $15 and some amount, though the record does not give even an estimate, for his own board and room and some amount, not shown by the record, for payment upon the truck makes it obvious that the petitioner after also paying for his own personal expenses could not have devoted much to the support of his family. Even that amount, however, is not shown to have been devoted to *205 the support of Ilene and R. L. Clarke, but the amount paid by the petitioner to his mother was paid for groceries, other expenses of the family, and his own board and room. Considering the fact that the father, who of course had the primary obligation of supporting the two minor children claimed by the petitioner as dependents, earned about $1,500 a year, it is obvious, we think, that it does not appear from this record that the petitioner paid for more than half of the support of the two children. We can not assume that the father's entire $1,500 was not spent upon the support of his family. Clearly the petitioner after recompensing his family for his own board and room, paying his other personal expenses and something upon a car did not contribute as much as the $1,500 earned by the father. He does not claim to have contributed more than about $700, which under the evidence went for the support of the entire family. Thus, it appears that on any pro rata basis, which seems to be the only way the matter can be reasonably viewed in the light of the very unsatisfactory record, petitioner apparently contributed much less to the family support than did his father. It therefore can not *206 be said that the two children received more than half of their support from him. We, therefore, conclude and hold that the petitioner has failed to show the right to the exemption provided by section 25 (b) (1) (C) and (3) of the Internal Revenue Code because of dependency of Ilene Clarke and R. L. Clarke. Decision will be entered for the respondent.